# William Evans, George W. Sidner and Amos Garrett, Appellants, *v.* Willistown Township, Wilmer B. Cox and Stephen L. Beitler, Supervisors.

*Constitutional law—Statutes—Title of act—Act of June* 10, 1893.

The act of June 10, 1893, P. L. 419, entitled " An act to regulate the nomination and election of public officers, requiring certain expenses incident thereto to be paid by several counties and punishing certain offenses in regard to such elections," is insufficient in title and repugnant to article 3, section 3, of the constitution, in so far as it attempts to regulate the mode of voting on questions of the increase of municipal indebtedness.

*It seems* that if the act were valid, it would repeal the act of June 9, 1891, P. L. 252, providing for the method of voting on questions relating to the increase of municipal indebtedness.

Argued Feb. 12, 1895.   Appeal, No. 109, July T., 1894, by plaintiffs, from decree of C. P. Chester Co., No. 283, in equity. Before STERRETT, C. J. McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Bill in equity by taxpayers for an injunction to restrain the defendants from increasing the debt of the township of Willistown, Chester county, Pennsylvania, by the sum of $40,000 in pursuance of an election which purported to authorize such increase.   It was alleged that said election was illegal in that the question being voted on was not printed on the official ballot prescribed by law, but on separate ballots.   The defendants demurred.   The court in an opinion by HEMPHILL, J., sustained the demurrer and dismissed the bill.

*Error assigned* was in dismissing bill.

*J. Frank E. Hause,* for appellants.—The question involved in this case has been expressly decided in Ripple v. Lackawanna Co., 146 Pa. 532.

The Baker ballot law of 1893 is entirely inconsistent on the question here involved, with the act of June 9, 1891, amending the act of April 20, 1874.

All acts of assembly are to be construed, if possible, so as to avoid violating the constitution of the state.   If, then, interpretation is doubtful, that meaning will be adopted which obeys the constitution.

It was the evident purpose of the framers of the constitution of 1874 to make all laws pertaining to all elections uniform : 5 Const. Debates, 165 ; Rishel v. Luther, 2 Dist. Rep. 770 ; Cusick's Election, 26 W. N. C. 425.

The language of the constitution cannot be construed to apply to one class of elections and not to others.   It must cover all : Rishel v. Luther, 2 Dist. Rep. 770 ; Wright v. Barber, 5 W. N. C. 444 ; Cusick's Election, 26 W. N. C. 425.

*Thomas W. Pierce,* for appellees.—The two statutes for con-

sideration are not upon the same subject. If the latter act repeals the first act or any of its provisions, it must be by implication : Homer v. Com., 106 Pa. 221.

To constitute a repeal by implication there must be such a manifest and total repugnancy in the provisions of the new law as to lead to the conclusion that the latter law abrogated and was designed to abrogate the former : Sifred v. Com., 104 Pa. 179.

If this act was to apply to and repeal the provisions for the class of elections, provided for in the bill of 1891, the title does not fairly give notice of such subject and would be calculated to mislead inquiry : Allegheny Co. Home's App., 77 Pa. 77.

OPINION BY MR. JUSTICE MITCHELL, May 30, 1895 :

The act of June 9, 1891, P. L. 252, is clearly repealed by the act of June 10, 1893, P. L. 419, if the latter is valid. The provisions of the two are irreconcilable. The act of 1891 requires the voter to express his wishes on the proposed increase of municipal debt upon a separate ballot marked on the outside "increase (? of) the debt " and having on the inside, written or printed, " no increase of debt " or " debt may be increased " and these ballots to be deposited in a special and separate box, as was then provided by law for elections in general. The act of 1893 on the other hand requires the voter on the same question to use the one official ballot prescribed by the act on which the question is to be " printed in a brief form " below the lists of candidates and followed by the words "yes " and " no." If these two methods apply to the same elections they are obviously irreconcilable. The language of the act of 1893 in section 14 is, " whenever the approval of a constitutional amendment or other question is submitted to the vote of the people, such question shall be printed upon the ballots " etc., as above quoted. The learned judge below was of opinion that the words " other question " were so controlled by their association with the words " approval of a constitutional amendment " that they must be confined to those questions which are submitted to the same electoral body, i. e. the people of the whole state, and that questions which only go before the electors of a subordinate municipality were therefore not included. We are unable to adopt this view. Passing by the fact that there are no other such

questions and the legislature cannot be presumed to have made express provision for a class of cases that does not exist, this construction requires the insertion in the act of the words " other question submitted to the vote of the whole people of the state," or some equivalent phrase. There is no warrant for such addition to the language actually used. The words " other question " mean matter on which the electors are to express their will, other than the election of officers. The clause has reference to the nature of the subject before the people, not to the particular body of electors who are to decide it, and the words " other question " are used in contradistinction to the choice of candidates for office which is the main subject of the act. They include all questions, whether state or local, which are submitted by referendum, to the direct vote and decision of the electors either of the state at large, or of a particular locality.

But it is objected that notwithstanding the repugnancy of the two statutes on this point, the act of 1891 is not repealed because the act of 1893 is unconstitutional in that its title gives no notice or indication of this subject. This objection we are obliged to sustain. The act of 1893 is entitled " an act to regulate the nomination and election of public officers, requiring certain expenses incident thereto to be paid by the several counties and punishing certain offenses in regard to such elections." This title, except for the omission of a few words requiring certain expenses to be paid by the commonwealth, is an exact duplication of the title of the act of June 19, 1891, P. L. 349, which is repeated, amended and supplied by the act of 1893. The title restricts the subject of the act to elections of " public officers," and expresses nothing which carries notice in any way of an intention to include the subject of the increase of municipal indebtedness. This subject had been expressly and elaborately legislated upon by the act of June 9, 1891, and those interested therein would hardly suppose that the specific provisions for the mode of ascertaining the people's will on those questions, would be wholly changed by another act only ten days later. At any rate they, and the members of the legislature themselves were entitled by the constitution to notice in the title of the statute that it proposed to deal with that subject. The acts of June 19, 1891, and June 10, 1893, are equally

defective in not meeting the requirements of sec. 3, art. 3 of the constitution. The specification in the title of the act of 1893 that it was an act for the regulation of the nomination and election of public officers, not only failed to express the intention to regulate the mode of voting on questions of the increase of municipal indebtedness, but tended to the impression that that subject was not included. The title therefore was not only insufficient, but misleading: Union Pass. Ry.'s App., 81* Pa. 91; Phila. v. Market Co., 161 Pa. 522. So much therefore of the act as relates to elections other than those for public officers must be declared unconstitutional. As this strikes out that part of section 14 which makes the conflict with the act of June 9, 1891, it follows that the latter act is not repealed, and the election was properly held under its provisions.

Though we have not reached it by the same pathway we concur in the conclusion of the learned court below.

Judgment affirmed.