Isaac B. Felts, Appellant, v. Delaware, Lackawanna & Western Railroad Company.

*Railroads — Change of venue — Statutes — Acts of April 14, 1834 and March 30, 1875.*

The act of March 30, 1875, P. L. 35, " relating to and authorizing change of venue in civil cases " is a general law embracing all civil cases, and was intended to introduce a system applicable to all cases that might arise, and to supersede and replace the incomplete system provided by the act of April 14, 1834, P. L. 395, which related to change of venue in cases brought by and against canal and railroad companies: Evans v. Willistown, 168 Pa. 578, explained and distinguished.

Motion for reargument.   No. 53, Jan. T., 1895, 170 Pa. 432.

*A. Ricketts*, for appellant.

*W. H. Jessup, James H. Torrey, Horace E. Hand, W. H. Jessup*, Jr., and *M. I. Corlett*, for appellee.

PER CURIAM, November 9, 1896:

The effect of the constitutional provision in relation to the change of venue in civil cases, and of the act of 1875, which was passed to carry that provision into effective operation, was fully considered when this case was decided. The motion for reargument now before us draws our attention to the same subject. We have carefully considered the suggestions in the appellant's brief, and the cases cited therein, but we can see no reason to doubt that the conclusions originally reached in this case were correct. Evans v. Willistown, 168 Pa. 578, which seems to be relied on for a contrary doctrine, is not in point. It merely decided that the act of 1893 did not repeal the act of 1891 relating to the same subject because its title was defective. But for that circumstance an opposite conclusion would no doubt have been reached. But the act of 1834 providing for the removal of cases, in which a railroad or canal company was a party, to another county for trial was a general law, though relating only to a particular class of cases. The act of 1875 is a later general law embracing all civil cases. It was intended to introduce a system applicable to all cases that might arise and to supersede and replace the incomplete system provided by the act of 1834. We think it was effectual for that purpose.

The motion for reargument is refused.