LEANDER E. GARDNER *vs.* EDWIN A. S. WHITFORD *et al.*

PROVIDENCE—DECEMBER 16, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)   *Wills.   Life-Estates and Remainders.   Powers.*

Testamentary bequest of real and personal estate to X., the husband of
    testatrix, upon these terms: "To use according to his discretion for and
    during his natural life . . .   giving to my said husband full power
    and authority to use the income, interest, and profits for his support,
    and if he shall find it necessary, also power and authority to use any
    part of the principal and to sell and dispose of any part of the same.
    After the death of my said husband, if any part of the property and
    estate included in and covered by said gift to him shall be left, I give,
    devise and bequeath the same to . . ."
A portion of the estate consisted of a deposit in bank.   X. withdrew this
    deposit and with other funds deposited it in bank upon a voluntary trust
    in the name of "X. trustee for Z."   X. died, leaving the deposit intact.
    It was claimed by those interested in the remainder under the will as a
    fund traceable from the estate of the testatrix :—
*Held*, that the bequest was that of a life-estate with an added power to
    sell and appropriate the principal.
*Held*, further, that the power was limited to the exigency upon which it
    was to be exercised, which was for the husband's support if he should
    find it necessary.
*Held*, further, that the change of the deposit was not a disposition of it
    under the power, as it was not used for his support.

BILL IN EQUITY seeking to declare a trust. Heard on demurrer, and demurrer overruled.

STINESS, C. J.    The complainants bring this bill to declare a trust upon a deposit of money in bank, held by the respondents, upon the following allegations :

Lydia T. Whitford, late of North Kingstown, deceased, left a will giving to her husband, Amos Whitford, all her estate, both real and personal, upon these terms : "To use according to his discretion for and during his natural life, . . . giving to my said husband full power and authority to use the income, interest and profits for his support, and if he shall find it necessary, also power and authority to use any part of the principal and to sell and dispose of any part of the same.

"Second.    After the death of my said husband, if any part of the property and estate included in and covered by said gift to him shall be left, I give, devise and bequeath the same" to these complainants.

A part of the estate of Lydia T. Whitford was a deposit in the Pawtucket Institution for Savings of $1,571.44.

In January, 1900, Amos Whitford withdrew said deposit, and with other funds, amounting in all to $4,000, deposited it in the Manufacturers' Trust Company in the name of "Amos Whitford or Edwin A. S. Whitford." In a suit between Amos and Edwin A. S. Whitford, to which the complainants were not parties, as no question of the right of Amos Whitford to make such deposit appeared, a decree of this court was entered, November 30, 1900, that said deposit should stand in the name of Amos Whitford, trustee for Edwin A. S. Whitford, and that Amos should have the income from said sum during his lifetime and so much of the principal as he might need for his support.    The bill further alleges that Edwin A. S. Whitford knew the contents of the will of Lydia Whitford and that these complainants had no knowledge of said suit.

Amos Whitford died July 16, 1901, leaving said deposit intact, and the complainants claim the amount of $1,571.44,

and interest thereon, as a fund traceable from and belonging to the estate of Lydia T. Whitford, which they claim belongs to them under her will.

The question raised by the demurrer to the bill is whether Amos Whitford had such a power of disposition of the estate, under his wife's will, as to enable him to make the deposit in trust which is above set forth.

(1)    That a limitation, in the nature of a remainder, may be made in a will as to personal estate was decided in *Tingley v. Harris*, 20 R. I. 517, and *Pierce v. Swan*, 21 R. I. 320, and recognized in *Wood v. Hammond*, 16 R. I. 98. These, however, were cases of an express bequest of income for life and a bequest over of the principal.

Here is a bequest of a life-estate, with an added power to sell and appropriate the principal. What, then, was the power of Amos Whitford over the principal under such a bequest?

In *R. I. Hospital Trust Company v. Commercial Bank*, 14 R. I. 625, it was held that where in a will the gift to the first taker is expressly limited to him for life, it is not enlarged into an absolute gift by the mere annexation of a power to him to dispose of or appropriate the fee or capital. The reason given is: "An express bequest of an estate for life negatives the intention to give the absolute property and converts the superadded right of disposition into a mere power. *Denson v. Mitchell*, 26 Ala. 360."

In *Tilton, Petitioner*, 21 R. I. 426, the same result was reached by applying the converse of this reason—that the giving of the power negatives the implication of a previous gift of the absolute estate.

The respondent argues, however, that the power of disposition was absolute, with only a limitation over: "If any part of the property and estate included in and covered by said gift to him shall be left." This deposit having been disposed of by a new deposit upon a voluntary trust covering the same powers as those expressed in the will, it is claimed amounts to a disposition of it by Amos Whitford, which is conclusive upon these complainants.

We do not think that the scheme of the will sustain this claim. Although the terms of the power are broad and ample, they are limited and confined to the exigency upon which they are to be exercised, which is for the husband's support "if he shall find it necessary."

He was to be the sole judge of what might be necessary for his support, but the power did not extend beyond it. He could have used the deposit for that purpose, but he did not. Therefore he has not disposed of it according to the terms of the power. In *Phillips* v. *Wood*, 16 R. I. 274, and *Phillips* v. *Brown*, 16 R. I. 279, a similar power was held to be personal and not assignable. Hence the fund could not be assigned, except for the purpose named. A change of a deposit is not a disposition thereof under the power. It was not used for his support, and it was no more available for that purpose under the present deposit than it was under the former.

Numerous cases have been cited from other States by the complainants, but as the decisions of this court are conclusive of the question raised, it is not necessary to refer to them. These cases establish the propositions that there may be a gift of personal estate after a bequest for life; that a gift for life with an added power of disposition is not an absolute gift; and that the power must be exercised according to its terms. The bill alleges that the respondent, Edwin A. S. Whitford, had knowledge of the contents of the will of Lydia T. Whitford, and, so far as it appears from the bill, it was a voluntary trust. But even if it were not he could not hold the fund against the rights of the complainants, for lack of title in Amos Whitford to make the transfer.

The decree recited in the bill is not binding upon the complainants, who were not parties to the suit, because it simply settled the terms of the trust upon which the new deposit was made, as between Amos and Edwin Whitford, without any reference to the power of Amos Whitford under this will.

The allegations of the bill are therefore sufficient, and the demurrer is overruled.

*Lellan J. Tuck,* for complainants.

*James A. Williams,* for respondent Whitford.

*James A. Ripley and John Henshaw,* for respondent trustee.