HENRY P. WOOD *et al.*, FOR AN OPINION.

MAY 13, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Wills.  Repugnancy.  Particular and General Intent.*

Testamentary device as follows:  "All the rest, residue, and remainder of my estate, either real, personal, or mixed, I give to my dear husband, he to have the full use and benefit thereof unconditionally.  After him, should any remain, I give the same to my sister A. one-half and to my sisters B. and C. the balance share and share alike":—

*Held*, that the first sentence of the clause gave to the husband of testatrix the residue of the estate in fee simple absolute, and that the second sentence of the clause was void for repugnancy.

PETITION, under section 323 of the court and practice act, for construction of will.

DOUGLAS, C. J.    This is a petition brought under section 323 of the court and practice act, in which all the parties interested in the estate of Eunice B. Wood, late of Warwick in the county of Kent, deceased, concur in requesting the construction of the will of said Eunice B. Wood, which has been admitted to probate by the Probate Court of said Warwick.    The clause in regard to which doubts have arisen is as follows:

"All the rest, residue, and remainder of my estate, either real, personal, or mixed, I give to my dear husband, Henry P. Wood, he to have the full use and benefit thereof unconditionally.    After him, should any remain, I give the same to my sister, Clara N. Crombe, one-half, and to my sisters Hannah N. Partelo and Phoebe R. Partelo, the balance, share and share alike."

(1)    The opinion of the court is that the first sentence of this clause gave to Henry P. Wood the rest, residue, and remainder of the estate of the testatrix in fee simple absolute, and that the second sentence of said clause is void for repugnancy.

It seems to us that the testatrix intended to give to her husband such absolute control over the estate as is inconsistent with the limitations of any less estate than a fee.    The "use" of the estate might be enjoyed by a life tenant;  but the full

"benefit" thereof could not be taken "unconditionally" without power to sell or to convey by will.

The words in the second sentence, "after him, should any remain," indicate a desire that if Mr. Wood should not dispose in his lifetime of the whole estate the residue left by him should go to the beneficiaries named; but this is not consistent with the testamentary power which is given to him, as it seems to us, by necessary implication. This particular intent of the testatrix must yield to her general intent as expressed in the first sentence. *Bullock* v. *Waterman etc., Society,* 5 R. I. 273.

In *Pierce* v. *Simmons,* 16 R. I. 689, where very similar provisions in a will were construed by this court, it was doubted whether the second provision, attempting to dispose of "whatever shall or may remain," following a devise which by itself conveyed an estate in fee simple, was not repugnant to the first devise. The words of the gift to Mr. Wood in the will now under consideration are much more comprehensive than those construed in *Pierce* v. *Simmons,* and the conflict between the two gifts here seems to us to be clear.