———————o———————

## No. 6083.

## MRS. T. L. MOSES vs. JOS. TRAVERSE.

### Syllabus.

As a general rule an injunction cannot be dissolved on bond under Article 307 of the Code of Practice, without notice to the plaintiff.

The seizure and sale of household furniture and effects owned, occupied, and possessed by plaintiff in injunction may cause him an irreparable injury, and therefore his injunction against the seizure of the same cannot be dissolved on bond, and if it is, he may appeal from such order.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 107,512. Hon. F. D. King, Judge.

Florence Loeber, for plaintiff and appellant.

P. L. Fourchy, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Joseph Traverse, the defendant herein, obtained a provisional seizure against Will H. Moses, husband of the plaintiff, for the rent of the premises occupied by said Moses and his said wife and caused to be seized a lot of furniture contained in the leased premises. Thereupon the plaintiff in this case filed an opposition, claiming the separate ownership of all the furniture seized, and alleging, among other grounds, that it was not subject to the lessor's lien and could not be made liable for the debt of her husband, and obtained an injunction restraining the defendant from proceeding further with the seizure, and praying to be recognized owner of said furniture free from the lessor's privilege.

The plaintiff, alleging that the seizure and sale of said furniture could not cause plaintiff an irreparable injury or such an injury as could not be compensated by money, obtained an ex parte order bonding the injunction under Article 307 of the Code of Practice.

Thereupon the plaintiff obtained an order for a suspensive appeal from said order bonding the injunction, alleging, first, that the order dissolving the injunction on bond should not have been granted ex parte, and 2nd, that said order will cause her an irreparable injury.

1. The general rule established by jurisprudence interpreting Article 307 of the Code of Practice is that an

injunction cannot be dissolved on bond without notice to the plaintiff.

> 14 A., 847; 37 A., 118, 287, 813; 35 A., 983; 46 A., 173; 50 A., 642.

It can only be done in exceptional cases.

> 35 A., 983; 37 A., 119, 287; 120 La., 744 (747); 46 A., 173.

2. It is also the settled jurisprudence that an order to dissolve an injunction on bond will work an irreparable injury when its effect would be to bring about a change of possession of immovable property.

> 52 A., 103; 110 La., 968.

We see no good reason why the same rule should not apply to furniture owned, possessed, and occupied by a plaintiff in injunction. It is not so much the intrinsic value as the associations that may fix the value to the owner and the deprivation of which would cause an irreparable injury. While a bond might restore the money value of the furniture, it could never return or restore the furniture or its possession, nor place the plaintiff in the same position she was in before the injunction was bonded; besides it might be sold at a sacrifice and prove disastrous to her.

> 2 R., 344; 7 R., 232; 32 A., 1194; 119 La., 319; 127 La., 765.

It has also been held that when the consequence of the order of dissolution would be such as could not be remedied by a final decree and the plaintiff would be driven, for protection of his rights, to another action, that the injury would be ireparable.

> 6 L., 435; 15 La., 482; 14 A., 59; 23 A., 51; 24 A., 154; 12 A., 456; 7 R., 442.

But the defendant urges strenuously that the plaintiff's petition for an injunction discloses no cause of action, and, therefore, in law, she cannot be said to suffer an irreparable injury from the dissolution of the injunction. This is a question which can be examined only upon the merits which have not been reached, and against which the defendant is protected by the injunction bond.

32 A., 1192 (1197); 33 A., 493 (497); 35 A., 982; 36 A., 833, 918.

For these reasons we are of the opinion that the Judge of the District Court erred; and it is now decreed that the order of February 16, 1914, dissolving the injunction herein on bond be reversed, set aside and annulled, and the injunction reinstated in full force and effect.

Judgment reversed.

Opinion and decree, May 4th, 1914.

Rehearing refused, June 1st, 1914.

Writ denied, October 26th, 1914.