Rhode Island Hospital Trust Company, *Exr. vs.* City of Woonsocket.

JUNE 30, 1927.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *Wills. Absolute Gifts. Repugnant Provisions.*

Testator by will bequeathed the residue of his estate to his sister with provision that if upon her death sufficient of said residue remained, it should be given to the City of W. for a memorial fountain and upon the decease of his sister if she had not disposed of his library it should be given to the W. Library; with further provision that his sister was not to be restricted from using and disposing of the bequest.

*Held,* that the gift of the residue was absolute and was not cut down by the subsequent provisions for possible gifts to the city and library.

BILL IN EQUITY for construction of will certified for determination.

SWEETLAND, C. J.   This is a bill in equity in which the complainant executor of the will of Sullivan Ballou, late of Woonsocket deceased, asks for the construction of said will and instructions relative thereto.   In the Superior Court, the cause being ready for hearing for final decree has been certified to this court for determination.

The question involved arises under the provisions of the fourth clause of said will which provides as follows:  "All the rest; residue and remainder of my estate real, personal and mixed and wheresoever lying and situate, as well as all property that I may hereafter acquire and of which I may die seized and possessed, as well as all property to which I may be in any way entitled at the time of my death, I give, devise and bequeath to my beloved sister, Jennie M. Ballou of said City of Woonsocket to her, her heirs and assigns forever.   If upon the death of my said sister sufficient of said rest, residue and remainder of my estate (exclusive of my library) remains, I give, devise, and bequeath said remainder to the City of Woonsocket to erect a memorial fountain for man and beast, in memory of my father and mother, Harry G. and Sarah L. Ballou, said memorial fountain to be erected somewhere in Court Square in said City of Woonsocket.   Upon the decease of my said sister if she has not already disposed of my said library, I give and bequeath the same to the Woonsocket Public Library forever.   It is my will and I hereby direct that my said sister Jennie M. Ballou is not to be restricted in any manner whatever from using and disposing of any part or all of my estate devised and bequeathed to her in and by this my last will and testament."

It is stated to us in a brief presented at the hearing, and not controverted, that the estate of Sullivan Ballou consisted solely of personalty.   The prayer of the bill relates merely to personalty and is as follows:  "That your orator

may be instructed as to its duty in paying over the legacy aforesaid, whether absolutely to Jennie M. Ballou or under what restrictions, if any."

It is plain that the testator intended to make an absolute gift of his residuary estate to his sister, Jennie M. Ballou, with full power of disposition in her; and that he clearly expressed that intention. The subsequent provisions attempting to dispose of any of the gift to his sister which might remain at her death indicate no intention on the testator's part to limit the unconditional nature of the gift. The question before us is whether in law the effect of those subsequent provisions did cut down the gift to the sister, and deprive it of its absolute character. It is a rule of testamentary construction in this State, in accordance with generally accepted principles, that in case a testator has made a gift of an absolute estate in fee in land or an unconditional gift of personalty, a subsequent provision inconsistent with the absolute nature of that gift shall be regarded as a repugnant provision and treated as void in law. *Re Will of Henry C. Kimball,* 20 R. I. 619; *Wood for an Opinion,* 28 R. I. 290; *Cahill* v. *Tanner,* 43 R. I. 403; such also is the effect of the decision of the court in *Pierce* v. *Simmons,* 16 R. I. 689. See also *Joslin* v. *Rhoades,* 150 Mass. 301; *Bradley* v. *Warren,* 104 Me. 423, and *McCloskey* v. *Thorpe,* 74 N. J. Eq. 413.

In our opinion the absolute gift of residue to the testator's sister was not cut down by the subsequent provisions providing for possible gifts to the City of Woonsocket and the Woonsocket Public Library.

In answer to the complainant's request for instructions we say that it is the duty of the complainant to pay over the legacy in question absolutely to said Jennie M. Ballou.

On July 5, 1927, the parties may present a form of decree in accordance with this opinion.

*Tillinghast & Collins,* for complainant.
*Ovila Lambert, City Solicitor,* for City of Woonsocket.
*Walling & Walling,* for respondent, Jennie M. Ballou.