MARY JENISON, *Ex. vs.* CHESTER B. JENISON *et al.*

JUNE 11, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is a bill in equity praying for the construction of a portion of the will of Sarah A. Jenison, late of the town of Warwick. All parties interested in the questions presented have been made parties respondent. A guardian *ad litem* was appointed to represent all persons *non sui juris* and said guardian has duly filed an answer. The case being ready for hearing for final decree was certified to this court for determination on bill, answers and proof as required by G. L. 1923, Chap. 339, § 35.

The will of Sarah A. Jenison was admitted to probate by the probate court of the town of Warwick March 27, 1930. The complainant alleges that she is unable to properly administer said estate because a question has arisen as to the

correct construction of the ninth clause of said will which reads as follows: "I give and bequeath all the residue of my property personal and real estate to my son, Chester B. Jenison to have and hold his life."

A grandson of the testatrix claims that said legatee takes only a life estate in said property and the complainant contends that the legatee takes an estate in fee simple.

The will was written by a sister of the testatrix. The deposition of the scriviner of the will has been filed as evidence. The deponent has testified what the testatrix said about giving the residue of her property to her son Chester by the ninth clause and what he could do with it. This testimony is not admissible to contradict, vary or alter the language of the will. *R. I. Hospital Trust Co.* v. *Bradley*, 41 R. I. 174; 40 Cyc. 1427, 1433. In *Chapin* v. *Hill*, 1 R. I. 446, it was held that where the language of a clause in a will was clear and the testator's intention was definitely expressed and there being no ambiguity in it, the testator's letter enclosed in his will could not be admitted as evidence to explain his intention as expressed in his will, or to control or alter it.

Complainant argues that it is clear that the testatrix did not intend to die intestate as to any portion of her property and that her will should be construed to effectuate her intent. While it is true that as a general rule the court will construe a will so as to avoid partial intestacy if such construction appears reasonable and natural—*Industrial Trust Co.* v. *Gardner*, 44 R. I. 404—still this rule of construction cannot be applied when it would do violence to the clear intent of the testatrix as shown by the language contained in her will.

The testatrix limited the bequest to her son "to have and hold his life." These words of limitation have a definite legal signification and we must assume that the testatrix used them in that sense. A life estate is limited by ordinary words and the words used by the testatrix in this case are apt words to create a life estate. The words used by the

testatrix are clear and unequivocal and there is no need for judicial construction or interpretation. We are of the opinion that the legatee named in the ninth clause took a life estate only in the property mentioned in said clause.

June 17, 1931, the parties may present to this court a form of decree in accordance with this opinion to be entered in the Superior Court in Kent county.

*Grim, Littlefield & Eden, Benjamin W. Grim,* for complainant.

*Flynn & Mahoney, Thomas J. Flynn, James W. Leighton* for respondents.