Hazel L. Knight *vs.* Albina Knight.

JUNE 30, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.  This is a suit in equity brought by the daughter of Willard W. Knight, who at the time of his death was a resident of this state and left a will that was duly admitted to probate.  The suit was brought against his widow as executrix and also as a devisee and legatee under the will; and the prayer of the amended bill of complaint is that the will be construed, and that it be determined what interests or estates were devised and bequeathed to the complainant and respondent respectively.  When the pleadings were closed, there being no issues of fact between the parties, the suit, being ready for hearing for final decree, was certified to this court for determination, under general laws 1923, chapter 339, sec. 35.

The second clause of the will is the only one the construction of which is sought.  It is claimed by the respondent that the language of the first clause, just because it contains

a bequest of $1000 to the complainant, supports the respondent's contention that under the second clause the complainant received no valid estate or interest in the property of the testator. We cannot see any merit in that claim; and therefore now quote only the second clause, as follows: "Second—I give to my wife Albina Knight the rest and residue of my Estate both personal and real of any name or nature whatsoever. That I may die seized or possessed of, or entitled to at the time of my decease. To her full control to sell, exchange, and reinvest as she may see fit. To use all she desires or needs for her maintenance, or care, and to render no account of the same, and to give no bonds as to its use or control so that she may in no way be incumbered as to the use of it. And at the death of my wife the remainder to become the property of my daughter Hazel L. Knight."

The contention of the widow is that by the first part of that clause, including all of it except the last sentence, she is given an absolute title to the residue of the estate, both real and personal; and that the last sentence, purporting to provide that on the death of the widow the remainder shall become the property of the daughter, is repugnant to the first part of the clause and is therefore null and void.

There is no doubt, and indeed the daughter admits, that the doctrine of repugnancy is in force in this state. But she contends that as there are no words of inheritance or of absolute gift in the former part of the clause, and as it is quite reasonable and involves no inconsistency, when the whole clause is read together, to construe the first part as giving the widow only a life estate in the residuary real and personal property, coupled with very broad powers of control, sale, use and consumption, there is no repugnancy between the two parts of the clause.

Therefore, the daughter contends, there is no reason in law why the daughter should not have the right, under the second part, to receive, on the widow's death, any and all

of the property, given to the widow for life under the first part of the clause, which may then remain unconsumed by the latter in the exercise of the powers of use and consumption given her, and in whatever form it may then be in consequence of the exercise by the widow of her powers of control, sale, etc. In our opinion, these contentions of the daughter are correct and should prevail over the contention of the widow.

As to the devise of real estate under the first part of the clause, there are clearly no words of inheritance. Therefore the devise is governed by the following language of G. L. 1923, chap. 298, sec. 14: "Whenever any real estate shall be devised without words of limitation, such devise shall be construed to pass the fee-simple or other the whole estate or interest which the testator had power to dispose of by will in such real estate, *unless a contrary intention shall appear by the will.*" (italics ours.)

A substantially similar nonstatutory rule of construction applies to personal property under the modern common law, which recognizes life interests and future interests in personal property which is of a more or less permanent nature. Where the language of the gift to the first taker does not clearly give an absolute title, the first taker will receive only a life interest, if later language in the will shows that such was the intention of the testator.

In the instant case, even if the last sentence of the clause in question be ignored, the language of the previous part indicates strongly the intention of the testator not to give his wife an absolute estate in either his real or his personal property, since, if she was to receive such an estate, there would be no reason for setting forth that she was to have certain specified powers of control and use of the property given her, among which powers that of disposing of it by will is conspicuous by its absence. See *Tilton, Petitioner,* 21 R. I. 426, 428. Moreover, the provision that she was to give no bonds as to the use or control of the property points

clearly to the same conclusion, as there would be no reason for such a provision, if the intent was to give her the property absolutely.

Under the statutory provision above quoted as to real estate devised without words of inheritance, and under the similar common law rule as to personalty, there is no reason why the last sentence in the clause in question should not be considered in determining whether the will shows an intention on the part of the testator not to give to his wife a fee simple in his real estate or an absolute title to his personalty. This last sentence also shows clearly why the testator did not include, among the broad powers which he gave to his wife, the power to dispose of the property by will.

Therefore, taking into consideration all the language of the clause, we are convinced that the testator intended, by the first part of the clause, to give to his wife only a life estate in his property, plus the very broad powers which he sets forth but not including that of disposition by will. From this we conclude that there is no repugnancy between the two parts of the clause and that there is no reason why the disposition made in the last sentence of the clause should not be held valid.

We do not find that any of the Rhode Island cases cited by the respondent, to support her contention in favor of the application here of the doctrine of repugnancy, supports that contention. Typical of reported cases in this state on this subject is *Wood et al., for an Opinion,* 28 R. I. 290, 67 A. 8, where the testator first gave all the residue of her estate to her husband, without words of limitation and stating that he was "to have the full use and benefit thereof unconditionally." A later provision that "after him, should any remain, I give the same to my sister . . ." was properly held to be void for repugnancy. The distinctions between that case and this are obvious.

So also, in the case which seems to be most strongly relied on by the present respondent, *Rhode Island Hospital Trust Co.* v. *City of Woonsocket,* 48 R. I. 345, 137 A. 411, the testator gave all the residue of his estate as follows: " . . . to my beloved sister, Jennie M. Ballou of said City of Woonsocket to her, her heirs and assigns forever." This gave her an absolute estate; and a subsequent provision, that if upon her death sufficient of such residue, exclusive of his library, remained, he gave such remainder to the city of Woonsocket for a memorial fountain, was held void for repugnancy. Again the distinction is obvious. *Billings* v. *Gladding,* 58 R. I. 218, 192 A. 216, and *Barker* v. *Ashley,* 58 R. I. 243, 192 A. 304, are in accord with our conclusion, above stated.

Our determination of the proper construction of the second clause of the will of Willard W. Knight is that by it the testator gave to his widow, the respondent, a life estate in his residuary real and personal property, with powers to control, sell, exchange and reinvest it as she may see fit, and to use and consume it for her maintenance and care, without accountability for such use or consumption, but without power to dispose of any of it by will; and that he validly gave to his daughter, the complainant, the right to receive, upon the death of his widow, all his residuary real and personal property, which shall then remain undisposed of by the exercise of the above powers given to the respondent, in whatever form any of it may have been changed into, by sale and reinvestment or otherwise, in the exercise of such powers.

On July 5, 1938, the parties may present to us a form of decree, in accordance with this opinion, for entry in the superior court.

*Joseph R. McKanna,* for complainant.

*Grim & Littlefield, Benjamin W. Grim,* for respondent.