Evelyn **MARKOFF, as Executrix under the will of Theodore Markoff,** Plaintiff,

v.

**UNITED STATES of America,** Defendant.

**Civ. A. No. 2394.**

United States District Court D. Rhode Island.

July 8, 1960.

Semonoff & Semonoff, Providence, R. I., Ralph P. Semonoff, Providence, R. I., of counsel, for plaintiff.

Rufus E. Stetson, Jr., Dept. of Justice, Tax Div., Washington, D. C., Joseph Mainelli, U. S. Atty., Arnold Williamson, Jr., Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

This is an action brought pursuant to 28 U.S.C.A. § 1346(a)(1) wherein the plaintiff as executrix of the estate of Theodore Markoff, her late husband, seeks to recover a refund of estate taxes heretofore assessed against said estate and paid by her as such executrix. It was tried to the Court on an agreed statement of facts.

The facts of the instant litigation may be summarized briefly.. Theodore Markoff, late of Providence, Rhode Island, died testate on December 29, 1955. The plaintiff was duly appointed as executrix under his will by the Probate Court of the City of Providence. As such executrix, the plaintiff on February 8, 1957 filed an estate tax return with the District Director of Internal Revenue, Providence, Rhode Island. Upon audit thereof, the Commissioner of Internal Revenue determined a deficiency in the amount of $9,064.90 and assessed additional estate taxes in that amount. On April 15, 1958 the plaintiff paid said deficiency, together with interest thereon in the amount of $552.83. On May 19, 1958 the plaintiff filed a timely claim for refund in the total amount of $9,679.80. Said claim was disallowed by the Commissioner of Internal Revenue on July 15, 1958. The instant action followed.

The deficiency assessed and collected by the Commissioner which is at issue in this action resulted from his determination that the property passing under the residuary clause of said will, hereinafter quoted, did not qualify for the marital deduction under section 2056 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2056.[1] Said will, executed February

---

1. This section provides in pertinent part as follows:

    "(a) *Allowance of marital deduction.* —For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or

25, 1946, after making provision for the payment of the testator's debts, funeral expenses and expenses of administration, in said residuary clause thereof provided for the disposition of his estate as follows:

"*Second:* All the rest, residue and remainder of my estate, real, personal or mixed, wherever located, I give, devise and bequesth to my dear wife, Evelyn Markoff, for and during the term of her natural life, and thereafter, I give, devise and bequeath all of my said estate then remaining, absolutely and in fee simple, to such of my children as shall then be living, and to the issue then living of such of my children as shall then have deceased * * *"

Said will then provided in clause "Third" thereof as follows:

"*Third:* I authorize and empower my Executrix (which term shall be deemed to include any Administrator of my estate with this will annexed) if, in the settlement of my estate it becomes, in her opinion necessary or expedient so to do, to sell or dispose of, at public or private sale, any or all of my real or personal estate (including any real or personal estate acquired by my Executrix after my decease) and to execute such deeds and other instruments and to do such other acts as may be necessary to vest a good and valid title, absolutely and in fee simple, in the purchaser or the purchasers thereof."

The property passing under said residuary clause consisted of shares of stock in Paramount Line, Inc., valued at $121,419.36, cash in the sum of $2,534.42, an interest in a firm known as Narragansett Associates valued at $1,681.50 and an automobile valued at $3,200. Deductible debts and expenses of administration amounted to $8,175.61, leaving a balance of $120,659.68 passing under said clause.

Said section 2056 of the Internal Revenue Code of 1954 provides that for estate tax purposes a deduction not to exceed 50 per cent of the adjusted gross estate of a decedent is allowable for an interest in property passing from such decedent to his surviving spouse. But such a deduction is not allowable "in the case of life estate or other terminable interest." See section 2056(b)(1). The plaintiff claims that the interest passing to herself as the surviving spouse of the decedent qualifies for said marital deduction under the provisions of section 2056 (b)(5) [2] of said Code. The Government,

---

has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate."

"(b) *Limitation in the case of life estate or other terminable interest.*—

"(1) *General rule.*—Where, on the lapse of time, on the occurrence of any event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

"(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of

the interest so passing to the surviving spouse".

2. This subsection provides as follows:

"(5) *Life estate with power of appointment in surviving spouse.*—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

"(A) the interest or such portion thereof so passing shall, for purposes of sub-

**808**

on the other hand, contends that the interest passing to her falls within the exclusionary provisions of said section 2056(b)(1) of said Code, quoted supra, footnote 1.

The Regulations under section 2056 (b)(5) provide that a power of a surviving spouse to appoint her interest in favor of herself or her estate does not qualify as exercisable "in all events" if there are any restrictions either by the terms of the will or under the applicable local law on the exercise of such power to consume said interest for her benefit. Thus, if a power of invasion is exercisable only for such spouse's support, or only for her limited use, the power is not exercisable "in all events". For a power of invasion to be exercisable in all events such spouse must have the unrestricted power during her lifetime to use any part or all of said interest, including the power to dispose of it by gift in her lifetime (whether or not she has the power to dispose of it by will). Treasury Regulations Section 20.2056–5(g)(3).[3] Commissioner v. Estate of Ellis, 3 Cir., 1958, 252 F.2d 109.

■ To determine the nature and extent of the legal interests and rights

passing to Evelyn Markoff, the surviving spouse here, it is necessary to look to the law of Rhode Island. Helvering v. Stuart, 1942, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154; Morgan v. Commissioner, 1940, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035. Recognizing this rule, the parties point to certain decisions by the Supreme Court of Rhode Island which they contend are determinative of the nature and extent of the interests passing to her under said residuary clause.

■ Said residuary clause disposed only of personalty, there being no real estate or interest therein passing thereunder. It is clear that a life estate in personalty is recognized by the law of Rhode Island. See Washington Trust Co. v. Arnold, 1943, 69 R.I. 121, 31 A.2d 420; Knight v. Knight, 1938, 61 R.I. 187, 200 A. 431; Jenison v. Jenison, 1931, 51 R.I. 388, 155 A. 246. This rule is subject, however, to the limitation provided in 6 Gen.Laws (R.I.) 1956, § 33–6–16 which provides as follows:

"When a testator shall by his will bequeath the use for life, or for a term of years, of any livestock, provisions, wearing apparel, or other personal property which will neces-

section (a), be considered as passing to the surviving spouse, and

"(B) no part of the interest so passing shall, for purposes of paragraph (1) (A), be considered as passing to any person other than the surviving spouse. This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events."

3. "Sec 20.2056(b)–5. *Marital deduction; life estate with power of appointment in surviving spouse—* * * *
* * * * *
"(g) *Power of appointment in surviving spouse.—* * * * (3) A power is not considered to be a power exercisable by a surviving spouse alone and in all events as required by paragraph (a) (4) of this section if the exercise of the power in the surviving spouse to appoint the entire interest or a specific portion of it to herself or to her estate requires the joinder or consent of any other person. The power is not 'exercisable in all events',

if it can be terminated during the life of the surviving spouse by any event other than her complete exercise or release of it. Further, a power is not 'exercisable in all events' if it may be exercised for a limited purpose only. For example, a power which is not exercisable in the event of the spouse's remarriage is not exercisable in all events. Likewise, if there are any restrictions, either by the terms of the instrument or under applicable local law, on the exercise of a power to consume property (whether or not held in trust) for the benefit of the spouse, the power is not exercisable in all events. Thus, if a power of invasion is exercisable only for the spouse's support, or only for her limited use, the power is not exercisable in all events. In order for a power of invasion to be exercisable in all events, the surviving spouse must have the unrestricted power exercisable at any time during her life to use all or any part of the property subject to the power, and to dispose of it in any manner, including the power to dispose of it by gift (whether or not she has power to dispose of it by will)."

sarily be consumed by using, such bequest shall give the legatee an absolute estate in the property so bequeathed."

■ As hereinbefore stated, one of the articles bequeathed by said residuary clause was an automobile. It will necessarily be "consumed" by use in the course of time. In my opinion the bequest thereof falls within the provisions of said § 33–6–16 and an absolute estate therein passed to said Evelyn Markoff, the value of which clearly qualified for said marital deduction.

Insofar as the balance of said personalty is concerned, the plaintiff contends that said residuary clause gave her a life estate therein coupled with a power of disposal that is exercisable by her alone and in all events within the meaning of said subsection 2056(b)(5) and hence that said gift qualified for said marital deduction. In support of this contention she cites and relies upon the case of Billings v. Gladding, 1937, 58 R.I. 218, 192 A. 216, 217. In that case the will of the testatrix contained the following provision:

"I give devise and bequeath to my husband George Drown Gladding all of my real estate and property real and personal wherever and however situated and including any real estate and personal property I may hereafter acquire to my husband George Drown Gladding and after his decease, the remainder to my niece * * *."

In a suit for the construction of said clause the Supreme Court of Rhode Island ruled that the husband took a life estate in the real estate of the testatrix with a remainder over in fee to the niece, and that he took her personalty with full power to use and dispose of it in his lifetime. Insofar as the real estate was concerned the Court held that the use by the testatrix of the word "remainder" which has a technical meaning in the law affecting real property but has no technical significance in the law relating to personalty indicated an intention by her to vest in her husband a life estate only in her real estate with a remainder over in fee to her niece. The Court further held that as to personal estate the word "remainder" does not indicate so clearly any such intention and that a gift of such property is to be deemed unconditional unless a testator clearly indicates the limitations he desires imposed on the gift. There being no such limitation indicated by the testatrix the Court concluded that the gift of the personal property to her husband was not merely a gift of its use or the enjoyment of the income thereof, but a gift of the property itself to him with full power to use and dispose of it in his lifetime but with the limitation that, if any remained at his death, it would go to the niece of the testatrix.

In my opinion the Billings case is clearly distinguishable from the present case. In the former the gift of the personalty to the husband was without any express limitations. Here the bequest to the surviving spouse was expressly limited by the words "for and during the term of her natural life". Here the testator conferred upon Mrs. Markoff no power of sale or disposal of said personalty as the beneficiary of said life estate. On the contrary, the power of sale or disposal conferred by the testator was not only conferred upon her in her capacity as executrix but likewise upon anyone who might serve as administrator of his estate with the will annexed. Moreover, this power was only exercisable if in her opinion (or that of said administrator) in the settlement of the estate it became necessary or expedient to sell or dispose of any or all of his estate "including any real or personal estate acquired by my Executrix after my decease".

In my opinion the terms of this power of sale or disposal manifested an intention by the testator to limit the power of Mrs. Markoff to sell or dispose of said personalty to sales or disposals in her capacity as executrix in the settlement of his estate, and an intent that she should not have an unrestricted right to sell or otherwise dispose of said personalty and, further, an intent that it should be pre-

served as far as possible for his children who would take what remained upon his widow's death.

Even if it be assumed that she has an implied power to sell or dispose of any or all of said personal estate for her support if she found it necessary, which I am satisfied she does not possess, the annexation of such a power to the life estate given to her would not give her an unlimited right of sale or disposition under the law of Rhode Island. In Rhode Island Hospital Trust Co. v. Commercial Nat. Bank, 1885, 14 R.I. 625, at page 628, the Supreme Court held:

"We think, however, that where in a will the gift to the first taker is expressly limited to him for life, it is not enlarged into an absolute gift by the mere annexation of a power to him to dispose of or appropriate the fee or capital, at least when the power is only a power to dispose of or appropriate the fee or capital during his life. For, as has been well said, 'an express bequest of an estate for life negatives the intention to give the absolute property and converts the superadded right of disposition into a mere power.' Denson v. Mitchell et ux., 26 Ala. 360."

Similarly in the case of Gardner v. Whitford, 1901, 23 R.I. 396, at page 399, 50 A. 642, at page 643, the Supreme Court held:

" * * * These cases establish the propositions that there may be a gift of personal estate after a bequest for life; that a gift for life with an added power of disposition is not an absolute gift, and that the power must be exercised according to its terms. * * * "

To the same effect, see Hutchinson v. Cole, 1859, 6 R.I. 314.

■ In my opinion the interest in said personalty, except for said automobile which passed to Mrs. Markoff, was a life estate under the law of Rhode Island. Since it is terminable upon her death, I conclude that it does not qualify for the marital deduction under said subsection 2056(b)(5). Finding as I do that said automobile became her absolute property under the provisions of the Rhode Island statute, above cited, its value qualified for the marital deduction, and the plaintiff is entitled to recover the amount by which its disallowance as a marital deduction increased the deficiency assessed by the Commissioner, together with interest thereon. Within twenty days from the date hereof, the parties shall present to me a computation of the amount which the plaintiff is entitled to recover and thereupon judgment shall be entered in her favor in said amount.