# Lee *v.* Shivers.

*Statutory Action in nature of Ejectment.*

1. *Parol evidence ; when admissible in construction of will.*—In the construction of wills, the usual rule excludes evidence of extrinsic facts for the purpose of controlling or varying the terms of the will, except to rebut a resulting trust, or to explain a latent ambiguity : and while there are respectable authorities which hold parol evidence admissible to explain patent ambiguities, the principle is indisputable, that when the

[Lee v. Shivers.]

words of the will are clear, and have a definite meaning, however awkwardly expressed, extrinsic evidence can not be received to show a different meaning, contradictory of that imported by the testamentary language.

2. *Devise of fee-simple estate, with limitation over on death without children.*—Where the testator devised a tract of land to each of his sons, "to him, his heirs and assigns, forever," and, by a subsequent clause, declared that if any one of them "should die without children or a child, or should die leaving children or a child, and such children or child should die without a child or children," then the land devised to such son "shall go to the surviving brothers of such son, or their children;" *held*, that whatever might be the validity or effect of the attempted executory devise in favor of the surviving brothers, the surviving child of a deceased son took no interest in the land devised to that son.

Appeal from the Circuit Court of Perry.

Tried before the Hon. W. C. Ward, an attorney of the court, selected by the parties on account of the incompetency of the presiding judge.

This action was brought by Mary Ella Lee, an infant, suing by her next friend, against Jesse B. Shivers, to recover the possession of a tract of land in said county, particularly described in the complaint, with damages for its detention; and was commenced on the 18th October, 1879. The plaintiff was the only surviving child of Richard H. Lee, deceased; and she claimed the land under the provisions of the will of her paternal grandfather, David Lee, deceased, which are set out in the opinion of the court. During the trial, the plaintiff reserved numerous exceptions to the rulings of the court, in the rejection and admission of evidence, and in charges given and refused; and these several rulings, twenty-one in number, are now assigned as error.

W. G. Jones, and Jas. E. Webb, for the appellant.—All rules for the construction of wills are intended to give effect to the intention of the testator, if it can be done without violating any rule of law; and in ascertaining that intention, it is proper that the court, or judicial expositor, should be placed in the situation of the testator himself when the will was made. For this purpose, the court will look at the circumstances surrounding the testator, the state of his property and of his family, and the like.—1 Redf. Wills, 426, 502–3, note 15; 1 Greenl. Ev. § 287, note 3; *Doe v. Hiscock*, 5 M. & W. 363–7. The rule is thus stated by Sir James Wigram: "For the purpose of determining the object of the testator's bounty, or the subject of disposition, or the quantity of interest intended to be given, a court may inquire into every material fact relating to the person who claims to be interested under the will, or to the property which is claimed as the subject of disposition, or the circumstances of the testator, and of his family and affairs,

19

[Lee v. Shivers.]

for the purpose of enabling the court to identify the person or thing intended by him, or to determine the quantity of interest he has given by his will; and the same is true, it is conceived, of every other disputed point, respecting which it can be shown that a knowledge of extraneous facts can, in any way, be made ancillary to the right interpretation of the testator's words."—1 Redf. Wills, 503, note. This rule does not apply to latent ambiguities only, but the rule itself, and the principle on which it is founded, are equally applicable to cases of patent ambiguities, as shown by numerous adjudged cases.—2 Jarman on Wills, 743, 746; *Smith v. Earl of Jersey*, 2 Brod. & Bing. (6 E. C. L.) 235; *Colpoys v. Colpoys*, Jac. 451, or 1 Cond. Eng. Ch. 210; *Gannaway v. Tarpley*, 1 Cold. Tenn. 572; *Puller v. Puller*, 3 Rand. Va. 283; *Ellis v. Merrimac Bridge Co.*, 4 Pick. 243; *Stevenson v. Druling*, 4 Ind. 519; *White v. Hicks*, 33 N. Y. 383; *Wilde's case*, 6 Co. 16; *Goodringe v. Goodringe*, 1 Vesey, sr. 231; *Leland v. Stone*, 10 Mass. 459; *McLeod v. McDonnell*, 6 Ala. 236; *Travis v. Morrison*, 28 Ala. 474; *Smith v. Bell*, 6 Peters, 167; *Beaumont v. Fell*, 2 P. Wms. 141.

Under the authorities above cited, the parol evidence offered and excluded, showing the circumstances surrounding the testator and his family, and his declared intention in the disposition of his property, should have been admitted; and that evidence being received and considered, there can be no doubt that the testator did not intend, by the fourth clause of his will, to give his sons an absolute estate in fee simple—in other words, that the term "heirs," as used in that clause, is to be held a word of purchase, and not a word of limitation. This construction of the clause, with or without the aid of the excluded evidence, is supported by the following authorities: *Williams v. McConico*, 36 Ala. 22; *Powell v. Glenn*, 21 Ala. 459; 2 Redf. Wills, 56-7; 2 Jarman on Wills, 5th Amer. ed., 615. Construing the clause, without the aid of parol evidence, in connection with the other provisions of the will; giving effect to the general intent, and sacrificing a former to a later clause, in case of irreconcilable conflict, as the law requires (1 Redf. Wills, 443-4; *Banks v. Jones*, 50 Ala. 480; *Griffin v. Pringle*, 56 Ala. 486-90); it is evident that the testator did not intend to give Richard H. an absolute estate in fee simple, and did not intend, if he died leaving a child, that the lands devised to him should go to his brothers.—2 Jarman on Wills, 103, note 1; *Ib.* 127, 130; 2 Redf. Wills, 202-6; *Doe v. Hoskins*, 9 East, 306; *Blackwell v. Bull*, 1 Keene, En. Ch. 106; *Eden v. Williams*, 3 Murph. N. C. 27; 2 Madd. Ch. 576. Whether the plaintiff takes, under the will, an estate in fee, or an estate for life only, is immaterial to her right of recovery.

[Lee v. Shivers.]

JOHN MOORE, and PETTUS & DAWSON, *contra.*—The testator's will is clear and explicit, and it was written by a man learned in the law. The word "heirs," used in the fourth clause, has a fixed and definite legal signification, which must prevail, unless a manifest intention to the contrary appears on the face of the will itself.—*Price v. Price*, 5 Ala. 578; *Hamner v. Smith*, 22 Ala. 440. There is nothing in the will, either in this or in any other clause, which shows an intention to use the word in any other than its technical, legal sense; and the use of the word "assigns," immediately following it, corroborates that construction, and clearly shows an intention to create an absolute estate in the sons. The executory devise attempted in the 10th clause, whatever may be its validity or effect, can have no influence on the rights of the parties to this suit. The particular event on which, by the 10th clause, the estate of the first taker was to terminate, has never happened, and can never happen; consequently, the estate of the first taker, to which the defendant has succeeded by purchase, is perfect and absolute.—1 Jarman on Wills, 2d Amer. ed., 452–54, top; *Weakley v. Rugg*, 7 Durn. & E. 173; *Barnfield v. Wetton*, 2 Bos. & P. 324; *Maclin v. Isbell*, 24 Ala. 315; *Williams v. Pearson*, 38 Ala. 309; *Goldsby v. Goldsby*, 38 Ala. 404; *Sherrod v. Sherrod*, 38 Ala. 537; *Edwards v. Bibb*, 43 Ala. 671; s. c., 54 Ala. 482; *Abbott v. Essex Co.*, 18 Howard, 202; *Horton v. Sledge*, 29 Ala. 475; 30 Penn. St. 161; 14 B. Monroe, 662; 100 Mass. 238; 2 Beasley, N. J. 375; 5 Day, Conn. 517; 3 Metc. Ky. 584; 4 Wendell, 277; 5 Barr, 461; 4 Rich. Eq. 262; 3 Sandf. Ch. 456; 15 Amer. Rep. 545.

Extrinsic evidence is admissible to remove a latent ambiguity in a will, but not to vary the meaning of the words used. 2 Jarman on Wills, 2d Amer. ed., 525–6, 342–4; 1 Greenl. Ev. §§ 290–91; *Mann v. Mann*, 14 Johns. 1; *Abercrombie v. Abercrombie*, 27 Ala. 489; *Johnson v. Johnson*, 32 Ala. 637; 47 Ga. 455; 52 N. Y. 191; 12 Gratt. Va. 196; 11 Amer. Rep. 697; 15 Amer. Rep. 653. When the words of the will are clear, and the intention manifest, evidence of the situation of the testator, the circumstances surrounding him, or the condition of his family or property, is not admissible.—12 Gratt. Va. 196; 1 Stock. N. J. 21.

SOMERVILLE, J.—This is a statutory action of ejectment, brought by the appellant against the appellee, for the recovery of land. The plaintiff claimed title under the will of her grandfather, David Lee. The material question presented for consideration is the construction of certain clauses of this instrument bearing on the title of the property in suit.

The testator, by the fourth item of his will, devises these

[Lee v. Shivers.]

lands to his son, Richard H. Lee, " to have and to hold the said described lands to him, the said R. H. Lee, *and to his heirs and assigns forever*, together with all the appurtenances thereunto belonging."

The tenth item of the will is in the following language : " It is my will and desire that, if my sons, or either of them, named in this will, should *die without children*, or a child ; or if they, or either of them, *should die leaving children*, or a child, *and such children* or child *should die without a child* or children, *then, and in that event*, the *real estate* and the slaves given to my said sons by this will, or such of them as may die without children or a child, or having died leaving children or a child, and such children or child shall die without a child or children, *shall go to the surviving brothers* of said sons, *or their children.*"

The testator had three other sons, who are devisees under his will, besides Richard H. Lee. The plaintiff in ejectment, Mary Ella Lee, was the only child of her father, the said Richard H. Lee, who was deceased at the time this suit was instituted.

We are to consider whether the appellant, upon the death of her father, acquired any interest in these lands, under a proper construction of this will.

The principle is not to be denied, that extrinsic facts may be introduced in evidence, in many cases, and be made ancillary to the correct interpretation of the testator's words, in like manner as can be done in the construction of contracts, so as the better to elucidate the intention of the author of the instrument. To this end, proof may frequently be made of all the surrounding circumstances which can legitimately throw light upon the ascertainment of such intention.—1 Greenl. Ev. §§ 287–8 ; 1 Jarman on Wills, 5th ed. Bigelow, pp. 429–30.

But the usual rule excludes the allowance of such evidence for the purpose of controlling or varying the terms of the will, except to explain a *latent* ambiguity, or to rebut a resulting trust.—*Avery v. Chappell* (6 Conn. 270), 16 Amer. Dec. 53 ; *Mann v. Mann*, 1 John. Ch. 231 ; *Breckinridge v. Duncan* (2 A. K. Marshall, 50), 12 Amer. Dec. 359 ; *Jackson v. Sill* (11 John. 201), 6 Amer. Dec. 363. And there are respectable authorities for the admission of parol evidence to explain *patent* ambiguities, or such as appear on the face of the will itself.—1 Jarman on Wills (5th ed. Big.), 430, *note* (a).

What the correct rule in this regard may be, it is not necessary here to decide. But we take it as indisputable law, that if the words of a will, in which the testator has sought to express his intention, are clear, and have a definite meaning, however awkwardly expressed, no extrinsic evidence is admissible to show a different meaning, contradictory of that imported by

[Caldwell v. Lawler.]

the testamentary language. Parol evidence, in other words, is never admissible, to obtain a construction of a will which is not warranted by, or will defeat, its express terms.—1 Greenl. Ev. § 290; 1 Story's Eq. Jur. § 181; *Avery v. Chappell*, 6 Amer. Dec. 53. And the importance of this rule "demands an inflexible adherence to it, even where the consequence is the partial or total failure of the testator's intended disposition."—1 Jarman on Wills (Big. 5th ed.), 409–10.

It is clear that item four of David Lee's will, taken alone, would create a fee-simple estate in Richard H. Lee; for the devise is to him, "his *heirs* and assigns, forever." The effect of item ten is, simply, to convert this interest into a qualified, or determinable fee, with a limitation over by way of executory devise. Such estates may continue forever, but are liable to be determined upon the happening of the contingency circumscribing their continuance or extent.—4 Kent's Com. p. 9; Walker's Amer. Law, p. 324, § 138. In the present case, no event has happened, by reason of which it can be claimed that the remainder limited over has taken effect. The two contingencies specified were as follows: First, that the devisee should *die without children*, or child; secondly, that should he die leaving a child, such *child should also die without* child or children. It is plain that neither of these contengencies has yet transpired; for Richard H. Lee died leaving a child, and she still survives. Whether the executory devise, which is here sought to be created in favor of the surviving brothers of the first devisee, is void for remoteness, is a question not before us for our determination. It is sufficient to say, that the will creates no interest in the plaintiff, who claims under its terms as a child of Richard H. Lee.

Such being the case, the plaintiff was not entitled to recover in any event, and there was no reversible error in any of the rulings of the court, either on the evidence excluded, or in reference to the charges given, or those refused.

Affirmed.