(104 So. 805)

GUY et al. v. PRUITT et al. (6 Div. 429.)

(Supreme Court of Alabama. May 14, 1925. Rehearing Denied June 25, 1925.)

1. Wills ⬅506(4) — "Heirs" construed as meaning children where context so requires or necessary to carry out clear intent.

The signification of the word "heirs" is in all cases a question of intention, and is generally construed as meaning children where context so requires, or it is necessary to carry out clear intent of instrument.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Heirs.]

2. Wills ⬅506(4)—Devise by wife to husband and "his and my heirs" held to limit devise to their children; "heirs."

Under will, whereby wife devised and bequeathed all her property to her husband and "his and my heirs," the term "and my" having been added by testatrix with pen, held, that word "heirs" will be construed to mean "children," and that testatrix by insertion meant to limit devise to their children, instead of those of husband by subsequent marriage.

On Rehearing.

3. Appeal and error ⬅835(2)—Questions not argued in original brief cannot be presented on rehearing.

Questions not argued or insisted on in original brief cannot be brought up on rehearing.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Elizabeth Guy and others against J. R. Pruitt, as executor of the will of Mary P. Pruitt, deceased, and others, for removal of administration to the court of equity, for construction of the will, etc. From a decree dismissing the bill, complainants appeal. Affirmed.

Arthur L. Brown, of Birmingham, for appellants.

For rules of construction, see Steele v. Crute, 208 Ala. 2, 93 So. 694; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Jemison v. Brasher, 202 Ala. 578, 81 So. 80; Naugher v. Hinson, 211 Ala. 279, 100 So. 221; Follweiler's Appeal, 102 Pa. 581. For definition of the word heirs, see Bouvier's Law Dict. p. 253; Webster's Int. Dict.; 4 Words and Phrases, 3241; 2 Alexander on Wills, pp. 1242, 1245; Flint v. Wis. Trust Co., 151 Wis. 231, 138 N. W. 629, Ann. Cas. 1914B, 67; 9 A. & E. Ency. Law, p. 367. The decree was in error in dismissing the bill without giving opportunity to amend. Crowson v. Cody, 209 Ala. 676, 96 So. 875.

Richard H. Fries, of Birmingham, for appellees.

The will created in the husband a fee-simple estate. Varner v. Young, 56 Ala. 260; Vanzant v. Morris, 25 Ala. 285; 13 Cyc. 661. When the rights of the parties or the equities

---

are settled, the decree is final, and dismissal of the bill is not erroneous. Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939; Moore v. Randolph, 52 Ala. 535; Adams v. Sayre, 76 Ala. 509; Munchus v. Harris, 69 Ala. 506.

ANDERSON, C. J. The will in question reads as follows:

"I, Mary P. Pruitt, of Birmingham, Alabama, make this my last will. I give, devise and bequeath all my estate, real, personal or mixed, unto my husband, J. R. Pruitt, his & my heirs, executors and assigns. I appoint my husband, J. R. Pruitt, sole executor of this my last will. In witness whereof I hereby sign my name and affix my seal, this 19 day of August, A. D. 1922. —Mary P. Pruitt. [Seal.]

"Attested in the presence of each other and at testator's request. T. C. Casady, 403 Berry St. West End. John M. Bryan, 1510 Cotton Ave."

[1] We have before us the original which is typewritten, and as so written read "J. R. Pruitt, his heirs and etc." It seems that, before signing, the testatrix added with pen, and just above "his heirs," "and my," making it read "his and my heirs." We think that the only purpose or intent of the testatrix in making this addition was to make the devise apply to the husband and their joint heirs, or our heirs, necessarily meaning children or decendants. True, she could have erased "his" and inserted "our" and made it perhaps more explicit. On the other hand, if, as contended by appellant, she meant only her heirs, she would no doubt have cut out "his" and written "my," but in the insertion of "my" she has "and" as well, thus indicating that she had the heirs of both in mind, and that she was dealing with a joint or common class, that is, their joint heirs, and who, as above stated, could only be their descendants, and which necessarily meant, "his and my children." Whether the will was or was not drawn by a skilled scrivener, it has no such appearance, and the addition or insertion was evidently made by the testatrix herself, who was not versed in technical terms, and who evidently regarded heirs as synonymous with children. We are, of course, not unmindful of the rule, as laid down in the authorities cited by the appellants' counsel, that the word "heir" is a legal term, and is used in a legal sense, with a fixed legal meaning. "The word has a technical signification, and, when unexplained and uncontrolled by the context, must be interpreted according to its technical sense." But the word, notwithstanding its primary and well understood meaning, is susceptible of more than one interpretation, and has in law several significations under different circumstances, and the word "heirs," as frequently happens, is not used in any exact or technical way. The signification of the word is in all cases a question of intention. "Heirs" is very generally construed as meaning children, where the context so requires, where it is necessary that the term be so construed in order to carry out the clear intent of the instrument or where it is plain that it is used in a popular sense as a word of description referring to a certain class of persons. Castleberry v. Stringer, 176 Ala. 250, 57 So. 849, and authorities there cited.

[2] The conclusion is unescapable that when this testatrix went to sign the will she was under the impression that the word "heirs," as then appearing, meant children, and by the insertion meant to limit the devise to their children instead of those of the husband by a subsequent marriage. It is averred in the bill that the testatrix had never had any children, and was not enceinte at the time she made the will, but this is not, of itself, sufficient to overcome the idea that she did not have their joint descendants in mind when making the insertion in the will. "Hope springs eternal in the human breast," and she may have had in mind the fate of the "Mother of Israel." Moreover, the bill does not aver that she was beyond the age of expectancy or fruition.

The testatrix having died leaving no descendants by her husband, Pruitt, he took the absolute estate, and the trial court correctly so held, and the decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

On Rehearing.

ANDERSON, C. J. [3] It is insisted that the trial court erred in dismissing the bill of complaint without giving an opportunity to amend. This question was not argued or insisted upon in the original brief. Moreover, as we construe the will, complainants have no interest thereunder, and the bill cannot be amended by them so as to give it equity.

Rehearing denied.

SAYRE, GARDNER, and MILLER, JJ., concur.