29 So.2d 335

SMITH et al. v. NELSON.

7 Div. 899.

Supreme Court of Alabama.

March 6, 1947.

S. A. Lokey, of Columbiana, for appellee.

Paul O. Luck, of Columbiana, for appellants.

STAKELY, Justice.

D. T. Nelson (appellee) filed a bill in the Circuit Court of Shelby County, in Equity, seeking construction of the will of S. F. Nelson, deceased. Albert J. Smith and others (appellants) were the respondents. Demurrer to the bill, as amended, was overruled by decree of the court. This appeal is from that decree.

The will of S. F. Nelson, deceased, was attached to the bill and made a part thereof. According to the allegations of the bill, as amended, Ruby Ella Nelson Smith (referred to in the will as Rubie Ella Nelson, but since married to Albert J. Smith) died intestate on or about February 6, 1944, leaving no children, but leaving as her heirs at law, her husband Albert J. Smith, two brothers, including petitioner, two sisters and the children of a deceased sister. These heirs of Ruby Ella Nelson Smith, other than the petitioner, are the respondents (appellants here). According to the further allegations of the bill, as amended, a question has arisen as to the construction of the will, "especially as to the paragraph which reads as follows:

" 'It is my desire that at the death of my daughter, Rubie Ella Nelson, if she has no heirs, and there being any of the estate left, it should go to my son D. T. Nelson, and his heirs. As all other heirs have been provided for in the past years.'

"especially as to whether or not the word heirs should be construed to mean children, and whether the word desire is used in a mandatory or precatory sense."

The bill, as amended, contains further allegations showing in substance that at the time of making his will on January 11, 1933, S. F. Nelson discussed his business and his wishes as to disposition of his property with W. M. Walker and O. P. Walker, his neighbors and friends, and on the date of making his will he asked a neighbor T. J. Weaver, who was a farmer and business man, but neither a practicing lawyer nor learned in the law, to assist him in writing his will and that T. J. Weaver wrote the will, copy of which is attached to the bill as Exhibit A. At the time of making his will in the presence of W. M. Walker and O. P. Walker, S. F. Nelson explained to T. J. Weaver that his daughter Ruby Nelson and his son D. T. Nelson had contributed more to his welfare than any of his other children and had received less from him and that it was his desire that Ruby Nelson should have the use of his property as long as she lived and if she died leaving no children, he wanted the remainder or any part of said property not expended by her to go to his son D. T. Nelson. That Ruby Nelson had lived with her mother and father doing the housework and caring for them in every way and D. T. Nelson had been with them most of the time cultivating the farm, looking after the stock, getting in firewood, etc.

There is no construction of the will before us on this appeal. In overruling the demurrer the lower court did not attempt to construe the will but merely held that the bill, as amended, presented a case for construction. Fillmore v. Yarbrough et al., 246 Ala. 375, 20 So.2d 792; Gilmer v. Gilmer, 245 Ala. 450, 17 So.2d 529; Hawkins v. Tanner, 243 Ala. 641, 11 So.2d 351.

The power of the court to construe the will of S. F. Nelson, deceased, does not appear to be questioned in brief here. There is no doubt of the power of the court, but the power in a particular case must be invoked by appropriate allegations of the bill because the court will construe a will only under certain circumstances. Fillmore v. Yarbrough et al., supra. Taking all of the allegations of the bill together in connection with the allegation that "a question has arisen as to the construction of the will of S. F. Nelson * * *," we think that the case is brought within the scope of the Declaratory Judgment Act. § 156 et seq., Title 7, Code of 1940. It appears from the bill that there is an actual controversy as to the rights of the parties to the property involved. Accordingly there is an actual controversy as to a justiciable question to warrant the construction of the will. Montgomery v. Montgomery, 236 Ala. 161, 181 So. 92; Teal v. Mixon, 233 Ala. 23, 169 So. 477; Fillmore v. Yarbrough et al., supra.

We come now to the question which is earnestly debated. Is the will of S. F. Nelson, deceased, so clear and unambiguous that it needs no construction? If so, there is no case for construction. Lee v. Shivers, 70 Ala. 288; City Bank & Trust Co. v. McCaa, 213 Ala. 579, 105 So. 669. If not, then there is a case for construction. Schowalter v. Schowalter et al., 217 Ala. 418, 116 So. 116.

The devise to Ruby Ella Nelson in the second paragraph of the will is in general terms only, expressing neither fee nor life estate. If this paragraph stood alone, the estate would be taken as fee simple because it would not clearly appear that a less estate was intended. § 14, Title 47, Code of 1940; Montgomery et al. v. Wilson, 189 Ala. 209, 66 So. 503. But the will also contains the third paragraph beginning with the words, "It is my desire * * *." Whether the second paragraph can be taken as standing alone free of any limitation that may be expressed in the third paragraph depends upon the meaning of the word "desire" as used in its context. The word "desire" is sometimes merely a precatory expression and is not to be taken as the basis for a devise or bequest. Thomas v. Reynolds, 234 Ala. 212, 174 So. 753; 78 C.J. p. 78. But if necessary to give effect to the intention of the testator, the court will give it a mandatory effect. Reeves v. Tatum, 233 Ala. 455, 172 So. 247; 78 C.J. p. 79. Accordingly, we think that the word "desire" is sufficiently uncertain in its meaning as to call for construction in order to arrive at the intention of the testator. If the word "desire" should be given a precatory effect, then there is obviously no need to go further with the construction of the will. But if the court should determine that the word "desire" should be given a mandatory effect, then the third paragraph of the will must be construed in connection with the second paragraph of the will to see if it places a limitation of any kind on the provisions of the second paragraph.

In this latter event, it will be necessary for the court to construe the word "heirs". The word "heirs" has a legal meaning (White v. Fowler, 245 Ala. 209, 16 So.2d 399) and when unexplained or uncontrolled by the context will be given its legal meaning, but the word is very generally construed as meaning "children", where it is necessary to carry out the intention of the testator. Guy v. Pruitt, 213 Ala. 422, 104 So. 805; Castleberry v. Stringer, 176 Ala. 250, 57 So. 849. Where it appears that the will was written by one without experience in drafting wills and unfamiliar with legal terms, then if the necessary construction requires it, the word "heirs" will be held to be "children". Castleberry v. Stringer, supra.

If the word "heirs" means "children", under the allegations of the bill whatever is left of the estate of S. F. Nelson, deceased, goes to D. T. Nelson, if the testator intended that the devise to Ruby Ella Nelson was limited to a base fee by the devise to D. T. Nelson. Reeves v. Tatum, 233 Ala. 455, 172 So. 247; Montgomery v. Montgomery, supra; Sections 76 and 77, Title 47, Code of 1940. If the word "heirs" is given its legal meaning, then D. T. Nelson has no interest except as he may be one of the heirs of his sister Ruby Nelson Smith. It seems to us that the word "heirs" presents an uncertainty in the meaning of the will.

From what we have said it sufficiently appears that a case for construction is presented. As guides to construction we note the following. "A testator's intention, if legal, is the pole star to guide a court in the construction of wills." Wiley v. Murphree, 228 Ala. 64, 151 So. 869. In construing a will to arrive at the intention of the testator, the court should consider the instrument as a whole and not construe any paragraph separately. Park v. Powledge, 198 Ala. 172, 73 So. 483, L.R.A. 1917C, 1001; Wiley v. Murphree, supra; Reeves v. Tatum, supra. Since we hold that this is a case for construction, the intention of the testator must be ascertained not only from the language of the will, but also from that language taken in connection with existing facts and circumstances known to the testator at the time of drafting. Fillmore v. Yarbrough et al., supra; Thomas v. Reynolds, supra; Hammond v. Bibb, 234 Ala. 192, 174 So. 634.

For the purpose of aiding the court in arriving at the intention of S. F. Nelson in using the word "heirs" in his will, evidence of his declarations at or about the time of the execution of his will, is admissible. Money et al. v. Money et al., 235 Ala. 15, 176 So. 817; Arrington v. Brown, 235 Ala. 196, 178 So. 218; Achelis v. Musgrove, 212 Ala. 47, 101 So. 670.

The decree of the court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER, and LAWSON, JJ., concur.