Oma S. CARLSON, in her capacity as Executrix and as Administratrix, etc., et al., Plaintiffs,

v.

George D. PATTERSON, District Director, Internal Revenue Service for the State of Alabama, Defendant.

Civ. A. No. 9619.

United States District Court
N. D. Alabama, S. D.
Jan. 5, 1961.

Sirote, Permutt, Friend & Friedman, Birmingham, Ala., for plaintiffs.

W. L. Longshore, U. S. Atty., M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., Charles K. Rice, Asst. Atty. Gen., and James P. Garland, Charles Mehaffy, and John F. Murray, Attys., Dept. of Justice, Washington, D. C., for defendant.

LYNNE, Chief Judge.

This cause, coming on to be heard, was submitted for the judgment of the court upon the pleadings, the order on pre-trial hearing,[1] and a certified copy of the last will and testament of Robert H. Carlson, Sr., deceased,[2] who died on May 29, 1953.

██ Plaintiffs contend that the bequest to the decedent's widow of the life

1. It was agreed by all of the parties that: "The only issue in this case is whether the interest taken by the widow, Oma S. Carlson, under the last will and testament of her husband, Robert Henry Carlson, Sr., qualifies for the marital deduction provided by 26 U.S.C.A. § 812 (e) (1) (F) (I.R.C.1939), as amended by Section 93 of the Technical Amendments Act of 1958. (72 Stat. 1606)."

2. Pertinent provisions of the will are: "Item Four I will, devise and bequeath unto my wife, Oma Stiver Carlson, if living at the time of my death, all the balance of my estate, real, personal and mixed, of which I may die siezed (sic) and possessed, or to which I shall be entitled at my decease, to be used by her as she sees fit during her lifetime. I expressly direct that she shall have, to the same extent as if devised and bequeathed to her absolutely, full and complete power, without orders of court or accounting therefore, to sell and dispose of or convert to her own use all or any portion of my said estate in the exercise of her sole and unrestricted discretion and nothing herein contained shall be construed as a limitation thereof or as vesting any rights in any other person that would interfere therewith."

"Item Seven In the event my said wife shall be living at the time of my death, but subsequently dies at a time when there are any assets remaining in my estate which have not been sold, disposed of or converted to her own use as provided by Item Four hereof, then in that event, I will, devise, and bequeath my entire remaining estate to my said son and said daughter, share and share alike, absolutely."

use of his residuary estate coupled with the unrestricted power exercisable at any time during her life to use all or any part of the property subject to the power, and to dispose of it in any manner, including the power to dispose of it by *inter vivos* gift, whether or not she has the power to dispose of it by will, satisfies the provisions of Section 812(e) (1) (F) of the Internal Revenue Code of 1939, as amended by the Technical Amendments Act of 1958 (P.L. 85–866, 72 Stat. 1606)[3] and that the claim for a marital deduction was erroneously disallowed.

Contending that the power of disposition with which the surviving widow was clothed by the terms of the will specifically did not encompass the right of the life tenant to give away the property and, generally was not exercisable by her "alone and in all events", defendant insists that the bequest was of a terminable interest within the purview of Section 812(e) (1) (A) of such Act for which no deduction is allowable.

It is conceded by the parties that, although the meaning and scope of the marital deduction provisions are to be determined by federal law, the extent of the particular power granted, and ac-

cordingly the property rights acquired by the surviving spouse, are controlled by the local law of Alabama. Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Morgan v. Commissioner, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035.

It is the law of Alabama and elsewhere, generally, that the touchstone for construction of a will is to ascertain and give effect to the intention of the testator, gathering his intentions from the will as a whole, and this intention, if legal, is the law of the instrument. Wilson v. Skelton, 262 Ala. 504, 80 So.2d 633; Ide v. Harris, 261 Ala. 484, 75 So. 2d 129.

Implicit in the opinions of the Supreme Court of Alabama in Bolman v. Lohman, 79 Ala. 63, and Cain v. Cain, 127 Ala. 440, 29 So. 846, is recognition of the widely accepted proposition that an absolute power of disposition, including the power to make an *inter vivos* gift of all or a part of the corpus, may be given by a testator to a life tenant under a will, where such intention is clearly expressed.

Reliance by the defendant upon Braley v. Spragins, 221 Ala. 150, 128 So. 149,

---

3. Statute involved: Internal Revenue Code of 1939. Sec. 812. Net Estate.
   "For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—
   \* \* \* \* \* \* \*
   "(e) [as added by Sec. 361(a), Revenue Act of 1948, c. 168, 62 Stat. 110] Bequests, etc., to surviving spouse.—
   "(1) Allowance of marital deduction.—
   "(A) In general. An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.
   \* \* \* \* \* \* \*
   "(F) [as amended by Sec. 93(a), Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606] Life Estate with power of appointment in surviving spouse.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life

to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—
   "(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as passing to the surviving spouse, and
   \* \* \* \* \* \* \*
   This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.
   \* \* \* "
   (26 U.S.C.A. (I.R.C.1939) § 812.)

and Yockers v. Hackmeyer, 203 Ala. 621, 84 So. 709, is misplaced. In Braley, much of the dictum in the opinion is qualified by the following observation of the court in 128 So. at page 156: "That is to say, *unless the power is ample, sufficiently specific and full,* a life tenant may not give the property away by deed, merely to defeat a remainder interest limited on such life estate." (Emphasis supplied.) In Yockers, the decision turned on the express limitation of the power of disposition.

From a critical analysis of the language of Items Four and Seven of the will, set out in the margin, it is difficult to conceive of more exact words which would confer upon a life tenant broader powers. Her power is not limited to any ascertainable standard with reference to support and maintenance, but, on the contrary, the testator expresses an intent to give her full and complete powers as though the subject property had been devised and bequeathed to her absolutely. In furtherance of such intention, he expressly provides that this power is exercisable by the life tenant in her sole and unrestricted discretion and that nothing contained in the will should be construed as a limitation thereon or as vesting any rights in any other person that would interfere therewith.

Finally, as dispositive of the issue herein, there is quoted from the opinion of Judge Jones, writing for the Court of Appeals for the Fifth Circuit on petition for rehearing in McGehee v. Commissioner of Internal Revenue, 260 F.2d 818, 824, language which is just as pertinent here as it was there:

"Of course each will must be construed by its own terms. The language of Mrs. McGehee's will is quite different. She gave her husband her property 'in fee simple with full power to dispose of the same and to use the income and corpus thereof in such manner as he may determine, without restriction or restraint.' This language, as we read it, evidences an intent to vest in the husband of the testatrix an unrestricted power of disposition including the power to make gifts. Indeed it is difficult to see how the intent could have been more clearly expressed. The gift over of property undisposed of prevented the gift from being in fee, but it did not limit, restrict or qualify the power of disposition."

The interest taken by the widow qualified for the marital deduction. Judgment will be entered for plaintiffs after recomputation by defendant of the amount of refund to which they are entitled.